16-4102-cv
Miller v. City of Bridgeport Police Dep't, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand seventeen.

PRESENT:  GERARD E. LYNCH,
                     RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*,
                     CHRISTINA REISS,
                                *Chief District Judge.**

-------------------------------------------------------------------

JOSEPHINE SMALLS MILLER,

*Plaintiff-Appellant*,

v.                                                             No. 16-4102-cv

CITY OF BRIDGEPORT POLICE

---

\* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

DEPARTMENT, MARK ANASTASI,
RUSSELL LISKOV,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT: JOSEPHINE S. MILLER, *pro se*, Danbury, CT.

FOR APPELLEES: JOHN P. BOHANNON, JR., Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Josephine Miller, an attorney proceeding pro se,[1] appeals from a judgment of the District Court (Meyer, J.) dismissing her complaint, filed in May 2014, against the City of Bridgeport Police Department and two city attorneys. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo a district court's dismissal of a complaint pursuant to

---

[1] As an attorney, Miller is not entitled to the liberal construction of pleadings that is ordinarily afforded to pro se litigants. See Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

Federal Rule of Civil Procedure 12(b)(6). Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). We affirm substantially for the reasons stated by the District Court in its May 31, 2016 decision. Specifically, a three-year statute of limitations applies to Miller's federal claims. See Holt v. KMI-Continental, Inc., 95 F.3d 123, 131 (2d Cir. 1996). Those claims accrued in October 2010, when the City of Bridgeport (the "City") informed Miller by letter that it would not appoint her to represent City employees or reimburse her for such representation. See Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). Miller did not timely file this action by October 2013.

Even assuming, as Miller argues, that a four-year statute of limitations applies to her § 1981 claims for interference with her relationships with clients, see Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382–83 (2004), or that the City's refusal to pay her 2013 invoice was a discrete act that restarted the limitations period for her § 1981 claim, see Connolly v. McCall, 254 F.3d 36, 41–42 (2d Cir. 2001), Miller has not stated a plausible claim for relief. Miller has not alleged, as she must, that she "has or would have rights under [an] existing or proposed contractual relationship" with the City. Domino's Pizza, Inc. v.

McDonald, 546 U.S. 470, 476 (2006). She did not contract with the City to perform legal services for its employees, nor does Connecticut State law automatically entitle her to payment for those services. See Conn. Gen. Stat. § 7-101a. Miller has also failed to plausibly allege that the City's refusal to appoint or pay her was "racially motivated." Domino's Pizza, 546 U.S. at 480. Miller's complaint itself alleges a race-neutral reason for the City's actions: her representation of other plaintiffs against the City would have created a conflict of interest. See Yusuf v. Vassar Coll., 35 F.3d 709, 714 (2d Cir. 1994). Her bare allegation that the City appointed a white attorney to represent her client is insufficient to establish discriminatory intent. Miller has not shown that she and the white attorney are "similarly situated in all material respects," Littlejohn v. City of N.Y., 795 F.3d 297, 312 (2d Cir. 2015), especially because she does not allege in her complaint that the white attorney had also represented City employees in actions against the City.

We have considered Miller's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4